# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>                    Plaintiff,<br><br>          v.<br><br>MENDES, et al.,<br><br>                    Defendants. | Case No.  1:13-cv-01078-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff Zane Hubbard is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court for screening is Plaintiff's complaint. For the reasons set forth below, the Court finds the complaint fails to state a cognizable claim and ORDERS it DISMISSED with leave to amend.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

**III.   PLAINTIFF'S ALLEGATIONS**

Plaintiff names as Defendants (1) Mendes, Corcoran State Prison ("CSP") correctional sergeant, (2) Chavez, CSP floor officer, (3) Brian, CSP floor officer, and (4)

2

1  Hirachetta, CSP floor officer.

2      Plaintiff alleges that:

3      Plaintiff was housed at CSP with an incompatible cellmate. He and his cellmate

4  requested Defendants provide them with an incompatibility change. The request was

5  deliberately refused for two months. Plaintiff and his cellmate then got into a physical

6  alteration and were pepper sprayed. Plaintiff was then left in the poorly ventilated cell for

7  about six minutes, chocking and suffocating from the effects of pepper spray and triple

8  digit temperatures.

9      Plaintiff contends the foregoing violated his rights under the Eight and Fourteenth

10  Amendments to the U.S. Constitution. He seeks monetary relief.

11  **IV.    THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

12      **A.    Failure to Link Defendants to Violations**

13      A § 1983 plaintiff must demonstrate that each defendant personally participated

14  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

15  There must be an actual connection or link between the actions of the defendants and

16  the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department

17  of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for

18  the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct.

19  at 1948. Since a government official cannot be held liable under a theory of vicarious

20  liability in § 1983 actions, a plaintiff must plead sufficient facts showing that the official

21  has violated the Constitution through his own individual actions. Id.

22      Plaintiff does not explain how named Defendants participated in the alleged

23  rights violations, if at all. He alleges only that he asked  Defendants for a cellmate

24  compatibility move and they did not act upon it..  He does not allege they were present

25  when force was used or during its aftermath.  Nothing suggests the named Defendants

26  personally acted or failed to act in a way that violated Plaintiff's rights.   If and to the

27  extent Plaintiff seeks to hold the Defendants responsible for the fight with his cell mate

28  and the resulting use of pepper spray on him, he must allege facts from which one

3

1  might  plausibly conclude that the failure to act on the move request was wrongful and

2  the legal cause of Plaintiff being pepper sprayed.

3    If Plaintiff chooses to amend, he should provide factual detail demonstrating

4  which Defendants did or did not do what, when, and why and how his rights were

5  violated as a result of their acts.

6    **B.**  **No Eighth Amendment Claim**

7      1.  Excessive Force

8    The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

9  prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36

10 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). To state an Eighth Amendment

11 claim, a plaintiff must allege that the use of force was an "unnecessary and wanton

12 infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious

13 and sadistic use of force to cause harm always violates contemporary standards of

14 decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at

15 9.

16   However, not "every malevolent touch by a prison guard gives rise to a federal

17 cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel

18 and unusual punishments necessarily excludes from constitutional recognition de

19 minimis uses of physical force, provided that the use of force is not of a sort repugnant

20 to the conscience of mankind." Id. at 9–10; see also Oliver v. Keller, 289 F.3d 623, 628

21 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses

22 of force, not de minimis injuries).

23   Whether force used by prison officials was excessive is determined by inquiring if

24 the "force was applied in a good-faith effort to maintain or restore discipline, or

25 maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must

26 look at the need for application of force; the relationship between that need and the

27 amount of force applied; the extent of the injury inflicted; the extent of the threat to the

28 safety of staff and inmates as reasonably perceived by prison officials; and any efforts

1   made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321

2   (1976).

3       Plaintiff does not provide any factual detail regarding the nature of the physical

4   altercation between him and his cellmate and the events leading up to the use of pepper

5   spray on Plaintiff. He needs to include information as to whether he was compliant with

6   orders given, the extent and duration of the application of force against him and a

7   description of what was happening, and what Defendants were doing, between the use

8   of pepper spray and decontamination of Plaintiff. The Court does not have sufficient

9   information to analyze the Whitley factors. See e.g., Giles v. Kearney, 571 F.3d 318,

10  330 (3d Cir. 2009) (no excessive force where a single shot of pepper spray is a

11  proportionate response when inmate refuses to obey orders). If Plaintiff chooses to

12  amend, he must allege facts that a named Defendant applied force other than in a

13  good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

14  harm.

15          2.    Deliberate Indifference

16              a.    Decontamination and Medical Assistance

17      The alleged deprivation must be, in objective terms, "sufficiently serious . . . ."

18  Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Wilson v. Seiter, 501 U.S. 294, 298

19  (1991); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently

20  serious when the prison official's act or omission results "in the denial of the minimal

21  civilized measure of life's necessities." Farmer, 511 U .S. at 834, quoting Rhodes v.

22  Chapman, 452 U.S. 337, 347 (1981). Second, the plaintiff must make a subjective

23  showing that the prison official knew of and disregarded an excessive risk to an inmate's

24  health or safety. Id. at 837; Johnson, 217 F.3d at 734.

25      Plaintiff claims he was choking and suffocating from the pepper spray and

26  extreme heat in his cell for up to six minutes. The failure to decontaminate prisoners or

27  otherwise provide medical treatment for prisoners exposed to pepper spray can support

28  an Eighth Amendment claim. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002). But

1  here it is unclear whether Defendants were aware of any serious distress or threat to

2  Plaintiff, what response was provided by the named Defendants, and the need for – and

3  availability of  -- a more immediate response.. See Rodriguez v. Elmore, 407 Fed.Appx.

4  124, 126 (9th Cir. 2009) (no constitutional claim where use of spray was not done

5  maliciously or sadistically for the purpose of causing harm, and where no knowing

6  disregard of excessive risk to health and safety from effects of the pepper spray).

7        A claim of being deprived of relief from the effects of pepper-spray for no more

8  than six minutes does not, without more, seem  inconsistent with a reasonable response

9  to two cellmates  fighting.

10       Finally, where a prisoner is alleging a delay in receiving medical treatment, the

11  delay must have led to further harm in order for the prisoner to make a claim of

12  deliberate indifference to serious medical needs. McGuckin v. Smith, 974 F.2d 1050,

13  1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d

14  1133, 1136 (9th Cir.1997), citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766

15  F.2d 404, 407 (9th Cir. 1985).

16       If Plaintiff chooses to amend, he must allege facts showing serious breathing or

17  other problems from the pepper spray and that named Defendants knowingly denied,

18  delayed, or interfered with a response.

19                   b.        Failure to Protect - Incompatible Cellmate

20       In addition to alleging indifference to an excessive risk of harm as above, if failure

21  to protect is alleged, the defendant must have had a reasonable opportunity to

22  intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass.2005), citing Gaudreault

23  v. Municipality of Salem, 923 F.2d 203, 207 at n.3 (1st Cir. 1991).

24       Prison officials must provide prisoners with personal safety. See Toussaint v.

25  McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986), abrogated in part on other grounds by

26  Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff and his cell-mate apparently informed

27  Defendants of unspecified compatibility issues. But this alone does not suggest

28  Defendants knew of a serious risk of harm and  were in a position to protect against it

1  but failed to do so.

2      If Plaintiff chooses to amend, he must allege facts showing a named Defendant

3  was aware the incompatible cell-mate posed a serious risk of harm and that Defendant

4  intentionally failed to respond to the risk, notwithstanding reasonable opportunity to do

5  so, causing Plaintiff harm.

6      **C.**    **No Due Process Claim**

7          1.    Administrative Grievance Process

8      Plaintiff may complain of processing and disposition of his administrative request

9  (CDC Form 22) for a cellmate change[1] and citizen's complaint against Defendants.

10  However, Plaintiff may not assert a constitutional violation based solely on such a claim.

11      Prison staff actions in responding to Plaintiff's prisoner grievances alone cannot

12  give rise to any claim for relief under § 1983 for violation of due process. "[A prison]

13  grievance procedure is a procedural right only, it does not confer any substantive right

14  upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v.

15  DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of

16  entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

17  1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

18      Plaintiff may not state a due process claim arising solely from processing and

19  denial of administrative grievances. Leave to amend such a claim is futile and denied on

20  that basis.

21  **V.**    **CONCLUSIONS AND ORDER**

22      The complaint does not state a claim for relief under § 1983. The Court will grant

23  an opportunity to file an amended complaint consistent with the foregoing. Lopez v.

24  Smith, 203 F.3d 1122, 1130 (9th Cir.  2000); Noll v. Carlson, 809 F.2d 1446, 1448-49

25  (9th Cir. 1987).

26      If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

27

28  [1] CDC Form 22 is an Inmate Request for Interview, Item or Service, Cal. Code Regs. tit. 15 § 3086, a
prelude to filing of a grievance. Departmental Operations Manual § 54090.4.2.

1   deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set

2   forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at

3   1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each

4   named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d

5   at 934.

6       Plaintiff should note that although he has been given the opportunity to amend, it

7   is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

8   Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

9   curing the deficiencies set forth above.

10      Finally, Plaintiff is advised that Local Rule 220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading. As a general

12  rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

13  F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d

14  896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no

15  longer serves any function in the case. Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be

17  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

18  Amended Complaint", refer to the appropriate case number, and be an original signed

19  under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

20  8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

21  right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

22      Based on the foregoing, it is HEREBY ORDERED that:

23      1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

24           complaint form and (2) a copy of his complaint filed July 15, 2013,

25      2.   Plaintiff's complaint is DISMISSED for failure to state a claim upon which

26           relief may be granted,

27      3.   Plaintiff shall file an amended complaint within thirty (30) days from

28           service of this order, and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 27, 2013          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE