# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MENDES, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01078-LJO-MJS (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 8)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

　　　　Plaintiff Zane Hubbard is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. His complaint was dismissed for failure to state a claim. Before the Court for screening is the First Amended Complaint. For the reasons set forth below, the Court finds the First Amended Complaint fails to state a cognizable claim and ORDERS it DISMISSED with leave to amend.

**I.     SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants (1) Mendes, Corcoran State Prison ("CSP") correctional sergeant, (2) Chavez, CSP floor officer, (3) Brian, CSP floor officer, and (4) Hirachetta, CSP floor officer.

Plaintiff complains Defendants "broke" his classification status by housing him with an incompatible cellmate, creating safety and security risks, contrary to Title 15. Defendants did this to discriminate, retaliate, and improperly punish Plaintiff.

Plaintiff and his cellmate informed Defendants they were incompatible. Defendants were aware Plaintiff and his cellmate engaged in undocumented and documented altercations and of the likelihood Plaintiff and his cellmate would injure each other "due to the practice (illegal) of elective surgery." (ECF No. 8 at ¶ IV.)

Defendants did not respond to the risk. They took no action to separate Plaintiff and his cellmate and thereby caused serious injury to Plaintiff..

The relief Plaintiff requests is "to amend this complaint with all other complaints of cruel and unusual conditions of confinement and [that he] elect[s] to note that elective surgery is an emergency situation."[1] (ECF No. 8 at ¶ V.)

## IV. ANALYSIS

### A. No Indifference Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). However, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "If a prison official should have been aware of the risk, but was not,

---

[1] Plaintiff cites to the following actions filed in this District: 1:13-cv-01736 AWI, 1:13-cv-01078-LJO (sic), 2:13-cv-02214-AC, 2:13-cv-02212 CKD, 2:13-cv-02215-AC, 1:13-cv-00762-DLB, 1:13-cv-00726-DLB-LJO, 1:13-cv-01056-BAM, 1:13-cv-1511-MJS, 1:13-cv-01755-MJS, 1:13-cv-01789-SKO, 1:13-cv-01758-JLT, 1:13-cv-02069-MJS.

3

1 then the official has not violated the Eighth Amendment, no matter how severe the risk." Id., quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002).

Where failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1991).

Here, Plaintiff does not explain the nature and severity of any safety and security risk posed by his cellmate. Mere allegations of incompatibility and even altercations, without more, are insufficient to show a serious risk of harm.

Even if Plaintiff had alleged serious risk, nothing suggests Defendants were aware of that risk, were in positions to respond to it, and knowingly failed to respond thereby causing injury to Plaintiff. Plaintiff's suggestion that Defendants were aware of the risk of harm because of "elective surgery" is incomprehensible to the Court. Finally, Plaintiff's bare assertion he suffered serious injury, without any information as to what the injury was, how, when and by whom it was caused will not support a claimed federal violation.

In short, Plaintiff alleges no facts suggesting that his cellmate posed a serious risk of harm, that Defendants were aware of any such risk, and that Defendants failed to act notwithstanding opportunity to do so and Plaintiff suffered harm as a result.

If Plaintiff chooses to amend, he must provide the missing information identified above.

**B.     No Due Process Claim**

1.     Classification and Housing

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Id. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22, and under state law, the existence of a liberty

interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 222-23, citing Sandin, 515 U.S. at 481-84. Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221, citing Sandin, 515 U.S. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In this instance, there is no support for a finding that Plaintiff has a protected liberty interest in a particular classification or housing. Myron, 476 F.3d at 718; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). The allegation that Plaintiff was a general population inmate and his cellmate was a transitional housing unit inmate is not sufficient, in and of itself, to demonstrate atypical and significant hardship. Id. Plaintiff does not explain whether his classification and housing was changed, if so why and how, and why the cellmate assignment caused him atypical and significant hardship.

Plaintiff does not state a due process claim relating to his classification and housing.

### 2. Title 15

Plaintiff complains Defendants violated Title 15 §§ 3367 (psychosurgery), 3368 (aversion therapy), 3369 (shock therapy), 3378 (documentation of critical case information), and 3413 (incompatible CDCR employee activity). However, the existence of Title 15 regulations governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

Accordingly, no § 1983 claim arises for such violations even if they occurred. See Chappell v. Perrez, 2011 WL 2296816, at *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, at *9 (E.D. Cal. February 28, 2011).

Plaintiff may not include a due process claim solely for violation of prison regulations

set out in Title 15 in any amended pleading. Leave to amend such a claim is futile and denied on that basis.

### C. No Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff complains Defendants acted with a retaliatory motive. However, he does not contend they did so in response to his exercise of rights protected by the First Amendment instead of a legitimate institutional purpose. Conduct protected by the First Amendment must be a "substantial or motivating factor behind the [Defendants'] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff does not state a claim for retaliation.

If Plaintiff chooses to amend, he must allege facts showing Defendants acted because of his protected activity and without an institutional purpose.

### D. No Discrimination Claim

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). This requires Plaintiff show he was intentionally discriminated against because of membership in a constitutionally suspect class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that he was treated differently (disparately) from those similar to him for no valid purpose. Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564 (2000).

Plaintiff does not state why he believes he was discriminated against, how and by whom. Plaintiff does not allege membership in a suspect class or that he was treated differently from similarly situated inmates and that Defendants acted without a penological purpose.

Plaintiff does not state an equal protection claim.

## V.    CONCLUSIONS AND ORDER

The FIRST amended complaint does not state a claim for relief under § 1983. The Court will grant **one final opportunity** to file an amended complaint consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second

Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his FIRST amended complaint filed January 13, 2014,

2. Plaintiff's FIRST amended complaint is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   January 28, 2014                    /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE