# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MENDES, et al.,<br><br>　　　　　　Defendants. | Case No.  1:13-cv-01078-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO (1) DENY DISQUALIFICATION OF MAGISTRATE JUDGE, and (2) DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 10)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Complaint and First Amended Complaint were dismissed for failure to state a claim. Before the Court for screening is Plaintiff's Second Amended Complaint.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id., at 667-68.

## III.  PLAINTIFF'S ALLEGATIONS

Plaintiff complains that corrections staff at Corcoran State Prison ("CSP") discriminated against him and deliberately placed him in an unsafe environment where

1 he was forced to fight to defend himself on five occasions. Defendants watched the
2 fights without responding.
3   He names CSP Defendants (1) Mendes, correctional sergeant, (2) Chavez, floor
4 officer, (3) Brian, floor officer, and (4) Hirachetta, floor officer. He also adds the
5 undersigned as a Defendant, complaining his prior pleadings have been improperly and
6 contemptuously screened-out, that the undersigned is discriminating against him and
7 has a conflict of interest.
8   The Prayer in the Second Amended Complaint is recusal of the undersigned
9 along with the relief sought in previous pleadings (i.e., to amend with all other
10 complaints of cruel and unusual conditions of confinement and to note that elective
11 surgery is an emergency situation).

## IV. DISCUSSION

### A. Deliberate Indifference

14   The Eighth Amendment protects prisoners from inhumane methods of
15 punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465
16 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal
17 safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in
18 part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). However, only those
19 deprivations denying the minimal civilized measure of life's necessities are sufficiently
20 grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503
21 U.S. 1, 9 (1992). In order to state a claim for a violation of the Eighth Amendment, the
22 plaintiff must allege facts sufficient to support a claim that prison officials knew of and
23 disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511
24 U.S. 825, 847 (1994).
25   Where failure to protect is alleged, the defendant must knowingly fail to protect
26 plaintiff from a serious risk of conditions of confinement where defendant had
27 reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D.
28 Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir.

1991).

Plaintiff alleges that officers repeatedly watched him fighting, but did nothing in response. In some circumstances such conduct by prison officials can support an indifference claim. See Robinson v. Prunty, 249 F.3d 862, 866-67 (9th Cir. 2001) (intentional failure to respond to a known serious risk of harm from a gladiator-type scenario can support deliberate indifference). But such is not the case here. Plaintiff does not demonstrate his repeated fighting posed a serious safety threat to him of which Defendants were aware, that Defendants intentionally failed to respond where they were otherwise able to do so, and that Plaintiff suffered harm as a result.

Nothing in the Second Amended Complaint shows the nature, severity and duration of the fighting, that it posed a serious threat of harm to Plaintiff, or even why the fighting was occurring and with whom. The Court takes notice that in prior pleadings Plaintiff alleged he engaged in four undocumented fights and one documented fight with an incompatible cellmate. Even so, the facts before the Court do not show any named Defendant was specifically aware of any incompatibility factors and cellmate threats or otherwise put on notice of an ongoing serious risk of harm to Plaintiff, and then, by ignoring that risk, effectively condoned it. See Borello v. Allison, 446 F.3d 742, (7th Cir. 2006) (failure to protect an inmate from harm violates the Eighth Amendment only if deliberate indifference by prison officials to the prisoner's welfare effectively condones the attack by allowing it to happen); Farmer, 511 U.S. at 833-34 (if deliberate indifference by prison officials effectively condones the attack by allowing it to happen, those officials can be held liable to the injured victim).

Plaintiff does not allege facts showing named Defendants could have, but intentionally failed to, respond to a known serious risk to Plaintiff's safety, and that Plaintiff suffered harm as a result.

### B.     Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439

4

1  (1985). An equal protection claim may be established by showing that the defendant
2  intentionally discriminated against the plaintiff based on the plaintiff's membership in a
3  protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of
4  Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals
5  were intentionally treated differently without a rational relationship to a legitimate state
6  purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y
7  Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of
8  Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

9  "In the prison context, however, even fundamental rights such as the right to
10 equal protection are judged by a standard of reasonableness, specifically whether the
11 actions of prison officials are "reasonably related to legitimate penological interests."
12 Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004), citing Turner v. Safley, 482 U.S.
13 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights,
14 the regulation is valid if it is reasonably related to legitimate penological interest.").

15 The sole allegation of discrimination, that the CSP Defendants discriminated
16 based on Plaintiff's "personal characteristic traits", is not sufficient to support a
17 constitutional claim for discrimination. Plaintiff does not state why he believes he was
18 discriminated against, how and by whom. He does not allege membership in a suspect
19 class or that he was treated differently from similarly situated inmates and that
20 Defendants acted without a penological purpose. Nor does he explain what personal
21 character traits he believes motivated the discrimination and why. See Washington v.
22 Davis, 426 U.S. 229, 239-40 (1976) (to establish a violation of the Equal Protection
23 Clause, the prisoner must present evidence of discriminatory intent). Plaintiff's single
24 conclusory allegation in the pleading is unenlightening in all these regards.

25 Plaintiff allegations do not show denial of equal protection.

26 **C.     Disqualification of Magistrate Judge**
27     1.     Legal Standard
28 A judge has an affirmative duty to recuse himself "in any proceeding in which his

impartiality might reasonably be questioned." 28 U.S.C. § 455; <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). The substantive standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997). The alleged bias must stem from an "extrajudicial source." <u>Liteky</u>, 510 U.S. at 544-56. Normally, rulings by a court during the course of a case can not be extrajudicial conduct. <u>See</u> <u>Hasbrouck v. Texaco, Inc.</u>, 842 F.2d 1034, 1045-46 (9th Cir. 1987); <u>Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec</u>, 854 F.2d 1538, 1548 (9th Cir. 1988). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Liteky</u>, 510 U.S. at 555; <u>Pesnell v. Arsenault</u>, 543 F.3d 1038, 1044 (9th Cir. 2008). However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. <u>Liteky</u>, 510 U.S. at 555-56; <u>Pesnell</u>, 543 F.3d at 1044. Judicial rulings may support a motion for recusal only "in the rarest of circumstances." <u>Liteky</u>, 510 U.S. at 555; <u>U.S. v. Chischilly</u>, 30 F.3d 1144, 1149 (9th Cir. 1994).

2.   Disqualification Should be Denied

Issuance of a decision unfavorable to a party does not in and of itself constitute a grounds for recusal. It does not do so here. There is a "presumption of honesty and integrity in those serving as adjudicators." <u>Caperton v. A.T. Massey Coal Co., Inc.</u>, 556 U.S. 868, 891 (2009), <u>citing</u> <u>Withrow v. Larkin</u>, 421 U.S. 35, 47 (1975).

Plaintiff has provided no facts suggesting such a deep-seated, or any, favoritism on the part of the undersigned as to make fair judgment impossible. The allegations of contempt, discrimination and conflict of interest lack any factual support.

**V.    CONCLUSIONS AND RECOMMENDATION**

Plaintiff's request to disqualify the undersigned is unsupported and should be denied.

1    The Second Amended Complaint does not state a claim for relief under § 1983.
2  The prior screening order instructed Plaintiff on the above deficiencies and
3  requirements for correcting them. Plaintiff's ongoing failure to correct these deficiencies
4  is reasonably construed as a reflection of inability to do so. Leave to amend would be
5  futile and should be denied.
6    Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED
7  that (1) the request to disqualify the undersigned be DENIED, and (2) the action be
8  DISMISSED WITH PREJUDICE for failure to state a claim.
9    These Findings and Recommendations will be submitted to the United States
10  District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
11  636(b)(l). Within fourteen (14) days after being served with these Findings and
12  Recommendations, the parties may file written objections with the Court. The document
13  should be captioned "Objections to Magistrate Judge's Findings and
14  Recommendations." A party may respond to another party's objections by filing a
15  response within fourteen (14) days after being served with a copy of that party's
16  objections. The parties are advised that failure to file objections within the specified time
17  may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
18  (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 27, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

7